UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 07-60512-CIV-LENARD/TORRES

PACIFIC INSURANCE CO., LTD.,
a foreign limited liability company,

        Plaintiff,

vs.

NEW PARK TOWERS CONDOMINIUM
ASSOCIATION, INC., a Florida corporation,
formerly known as NEW PARK TOWERS
APARTMENTS,

        Defendant.
_____ /

**ORDER GRANTING MOTION TO DISMISS**

This matter is before the Court on Defendant's Motion to Dismiss [D.E. 3] this declaratory judgment action. Plaintiff responded in opposition and Defendant Replied. The parties consented to magistrate judge jurisdiction over pretrial matters in the case, including the resolution of any motions to dismiss. [D.E. 11], and thus the matter was referred for disposition on October 29, 2007 [D.E. 21]. Upon review of the entire record in this matter, Defendant's Motion to Dismiss will be granted, but only without prejudice for the reasons that follow.

*I.  BACKGROUND*

This declaratory judgment action was initiated by Plaintiff, an insurance company, in connection with a business and property damage policy that was issued on a condominium building to the insured, Defendant New Park Towers Condominium Assoc. Defendant made a claim on that policy for damage allegedly caused by Hurricane Wilma on October 24, 2005.

A proof of claim was submitted on August 7, 2006, in which Defendant claimed that it was insured under the policy for a loss amount of $1,838,853.10.

Following the submission of the claim, Defendant invoked the provision of the policy that called for an "appraisal" process to determine the amount of the loss in the event the parties disagreed. [D.E. 1 ¶13]. That provision of the policy, which is standard in many similar policies, provides that each party appoint its own competent appraiser to review the loss, who would in turn select an umpire to resolve any differences that the appraisers would have. A conclusion by any two of these appraisers/umpire would then result in a binding determination of the value of the property or amount of loss. The insurance company, however, "will still retain our right to deny the claim" even if there is an appraisal.

Following Defendant's invocation of this appraisal provision, Plaintiff insurance company apparently agreed to proceed by way of the appraisal. [D.E. 1 ¶15]. Plaintiff did so, however, only to the point where it claims an actual controversy arose between the parties "as to how to proceed with the appraisal and the issuance of an appraisal award." Specifically, the thrust of the complaint is that the parties "are in disagreement as to the form in which the appraisal award should be issued, in that PACIFIC believes that it is imperative that the appraisal award be issued in an line item fashion for each element of damages that may be awarded, including but not limited to, a determination as to the actual cash value, the replacement cost value and code upgrade items." [D.E. 1¶16].

The complaint does not allege that any subsequent actions were undertaken through the appraisal process, does not allege that the appraisal resulted in a certain outcome, and does not allege in fact that the Defendant's claim has ever been denied. The complaint only alleges that "as a result of this disagreement between PACIFIC and NEW PARK TOWERS,

an actual controversy exists . . . as to how the appraisal authorized pursuant to the Insurance Contract should be completed." [D.E. 1 ¶20].

Defendant insured then timely moved to dismiss the complaint for lack of subject matter jurisdiction. Defendant argues that the declaratory judgment action is premature and not ripe because the appraisal process cited in the Complaint has not been resolved. [D.E. 3 at 3-4]. Defendant argues that the policy dispute cited in the Complaint should first be addressed by the appraisers and the umpire, who must then decide how the appraisal award should be structured, either as Plaintiff argues (based on an actual cash value determination) or as Defendant argues (based on a replacement value determination). Defendant argues that only at that point can there be an actual case or controversy between the parties, assuming that the appraisal process indeed results in an award that is in line with Defendant's position. Defendant argues that at present any injury that Plaintiff relies upon is entirely speculative and fully contingent on the outcome of the appraisal process. Therefore, the Court has no subject matter jurisdiction because no ripe case or controversy exists.

Plaintiff replies, however, that a case or controversy does exist based upon its interpretation of the policy language and that the mere request for the amounts stated in Defendant's proof of loss and in the appraisal process places the parties in actual controversy. Additionally, Plaintiff adds that many of the arguments raised in the motion go beyond the four corners of the complaint, and thus are outside the scope of a Rule 12 motion to dismiss.

## II. ANALYSIS

The "case or controversy" requirement of the Constitution is an important limitation on federal court jurisdiction. U.S. Const., art. III, § 2. "To satisfy the case and controversy requirement of Article III, a plaintiff must have suffered some actual injury that can be remedied or redressed by a favorable judicial decision." *National Advertising Co. v. City of*

*Ft. Lauderdale,* 934 F.2d 283, 285-86 (11th Cir. 1991). This requirement shields federal courts from being drawn into disputes as to abstract or hypothetical cases, or ones in which purely advisory opinions affecting a dispute are being sought. *E.g., Aetna Life Ins Co. v. Haworth,* 300 U.S. 227, 240 (1937); *Webster v. Reproductive Health Servs.,* 492 U.S. 490, 500 (1989).

As explained by the Eleventh Circuit:

> The plaintiff must allege facts from which the continuation of the dispute may be reasonably inferred. Additionally, the continuing controversy may not be conjectural, hypothetical, or contingent; it must be real and immediate, and create a definite, rather than speculative threat of future injury.

*Emory v. Peeler,* 756 F.2d 1547, 1551-52 (11th Cir. 1985). *Accord* 13A C. Wright & A. Miller, *Federal Practice & Procedure,* § 3532.1 at 114 (2d ed.) ("The central perception [of the justiciability doctrines] is that courts should not render decisions absent a genuine need to resolve a real dispute. Unnecessary decisions dissipate judicial energies better conserved for litigants who have a real need for official assistance.").

Similarly, the Declaratory Judgment Act, 28 U.S.C. § 2201, under which this action was filed, is a grant of jurisdiction only as to those rights and liabilities that are immediate and real, or that are certain to arise. *E.g., Calderon v. Ashmus,* 523 U.S. 740, 746-47 (1998) (no case or controversy where action seeks declaratory relief as to validity of defenses that may or may not be raised in subsequent litigation). A party seeking a declaration judgment must allege facts in a complaint from which it appears that there is a substantial likelihood that it will suffer injury in the future. *Malowney v. Federal Collection Deposit Group,* 193 F.3d 1342, 1346 (11th Cir. 1999) (citing *City of Los Angeles v. Lyons,* 461 U.S. 95, 102 (1983); *Cone Corp. v. Florida Dep't of Transp.,* 921 F.2d 1190, 1205 (11th Cir. 1991)).

Based on these principles, Defendant's motion argues that no case or controversy exists because the alleged injury raised in the Complaint is purely hypothetical. The injury assumes

that, pursuant to the proof of loss, the appraisers will agree to focus on replacement cost values and code upgrades to measure the loss, rather than actual cash valuation which more appropriately applies to repairs that have yet to be undertaken. Yet, the umpire may ultimately reject replacement cost valuation, in response to the insurer's appraiser's estimate of loss, in which case no injury will have occurred. Hence, Defendant argues, there is no actual case or controversy at this point without the appraisal process going forward to completion.

Defendant's point is well taken. Plaintiff assumes that a case or controversy exists simply based upon Defendant's stated initial position on how to calculate the loss. [D.E. 6 (Response) at 5]. But, based upon Plaintiff's own policy provision that contemplates an appraisal process, the policy assumes that the insurer and insured may have a disagreement on how to value the loss. The fact that such a disagreement arises cannot, standing alone, give rise to a case or controversy where that disagreement is the very genesis for the appraisal mechanism to begin with. The appraisal process, in other words, is designed by Plaintiff's own policy to resolve that disagreement, and only upon that resolution can Plaintiff truly be able to identify an "injury in fact" that arises from the interpretation of the policy.

Neither party has addressed, however, an important element that is relevant to the dispute. Defendant's argument assumes that the insurer must return to the appraisal process and see it through completion. Plaintiff similarly assumes that the resolution of the declaratory judgment action will result in a judgment that can then be taken back to the appraisers to dictate how they are to interpret the policy. But, has the Plaintiff not waived that process by instituting this action? And, if not, can the Plaintiff choose to opt out of the appraisal process going forward? In that case, potentially, Plaintiff may be able to state a more viable argument why there is an actual case or controversy now, given that there would

be no contingency or third party action lingering on the horizon that may, or may not, give rise to injury to the Plaintiff.

It is important to address, therefore, the import of the "appraisal" provisions of the policy under Florida law.[1] Two Florida Supreme Court opinions squarely interpreted these types of appraisal provisions, common in Florida insurance policies for many years, including those nearly identical to the appraisal provision at issue here. In the most recent, the Court held that an unambiguous appraisal provision like this one is not construed in the same manner as an arbitration agreement to resolve a dispute. *Allstate Ins. Co. v. Suarez,* 833 So. 2d 762, 765-66 (Fla. 2002). This type of provision contemplates an "informal appraisal proceeding, *not* a formal arbitration hearing pursuant to section 682.06, Florida Statutes (1999)". *Id.* at 765 (emphasis in original). Consequently, the formal judicial-type procedures contemplates in an arbitration are not required in an appraisal setting.

The other relevant Supreme Court opinion is *State Farm Fire & Cas. Co. v. Licea,* 685 So. 2d 1285, 1288 (Fla. 1996), where the Court held that if an insurer and an insured party go to appraisal, the insurer can thereafter only dispute coverage for the "loss as a whole." The issue in *Licea* was the validity of the appraisal provision – also found in this policy – that the insurer retained its rights to deny the claim even after an appraisal had been made. *Id.* at 1286. Contrary to the argument by some that this language rendered the agreement unenforceable due to lack of mutuality, the Court held that the clause was valid but only to the extent that the clause allowed an insurer to dispute coverage for the claim as a whole, and

---

[1] In a diversity action such as this, we must the substantive standards of state (here Florida) law to an issue arising from a Florida insurance contract. *See Three Palms Pointe, Inc. v. State Farm Fire & Cas. Co.,* 362 F.3d 1317, 1318 (11th Cir. 2004) (citing *Erie R.R. Co. v. Tompkins,* 304 U.S. 64 (1938)). In applying state law, a federal c ourt "must decide the case the way it appears the state's highest court would." *Ernie Haire Ford, Inc. v. Ford Motor Co.,* 260 F.3d 1285, 1290 (11th Cir.2001) (internal quotation marks omitted).

nothing else.  In other words, once an appraisal award was made, "the only defenses that remain for the insurer to assert are lack of coverage for the entire claim, or violation of one of the standard policy conditions (fraud, lack of notice, failure to cooperate, etc.)". *Three Palms Pointe,* 362 F.3d at 1319 (Eleventh Circuit's interpretation of *Licea*).  *See also Johnson v. Nationwide Mut. Ins. Co.,* 828 So. 2d 1021, 1026 (Fla. 2002) (*Licea* requires that any coverage issues, including causation, are to be judicially determined by the court and not subject to determination through appraisal; appraisal only governs the amount of loss that an insurer admits is covered under the policy).

Significantly, the opinion in *Licea* cited with approval a dissent from a Third District decision, *American Reliance Ins. Co. v. Village Homes at Country Walk,* 632 So. 2d 106, 108 (Fla. 3d DCA 1994) (Cope, J.), that disagreed with the conclusion that the clause in question was unenforceable because "[t]he purposes of the 'right to deny' sentence is to state, quite simply, that if the insured requests an appraisal *and the insurer proceeds with the appraisal process,* the insurer has not thereby abandoned any coverage defenses which may be available to it."  *Licea,* 685 So. 2d at 1287 (emphasis added).  The Supreme Court agreed with that interpretation and held that the appraisal provision "require[s] an assessment of the amount of a loss.  This necessarily includes determinations as to the cost of repair or replacement and whether or not the requirement for a repair or replacement was caused by a coverage peril or a cause not covered, such as normal wear and tear, dry rot, or various other designated, excluded causes." *Id.*

That being the case, the appraisal process is clearly better characterized as a condition precedent that can be waived.  *See, e.g., Opar v. Allstate Ins. Co.,* 751 So. 2d 758, 760 (Fla. 1st DCA 2000) ("Such appraisals, moreover, are considered conditions precedent to an insured's right to maintain suit on the insurance contract"; citing *New Amsterdam Cas. Co. v. J.H.*

*Blackshear, Inc.,* 156 So. 695, 696 (Fla. 1934) ("Appraisals, as provided for in such covenants, are conditions precedent to the right of the insured to maintain an action on the policy.")), *disapproved in part on other grounds, Johnson v. Nationwide,* 828 So. 2d at 1023; *Ingersoll v. Hoffman,* 589 So. 2d 223, 224-25 (Fla. 1991) (failure to follow non-jurisdictional presuit requirements can be waived).

Especially after *Suarez,* Florida courts clearly agree that an insurer can waive the right to proceed to the appraisal dispute resolution mechanism. *See, e.g., Wilson v. Federated Nat'l Ins. Co.,* 969 So. 2d 1133, ___ (Fla. 2d DCA 2007) (appropriate to consider whether insurer waived right to enforce appraisal provision by conduct in litigation (finding that no waiver had indeed occurred), and error not to enforce results of appraisal upon its completion); *Burnett v. Clarendon Select Ins Co.,* 920 So. 2d 188, 189 (Fla. 2d DCA 2006) (order compelling appraisal obtained on insurer's motion to compel no longer reviewable on appeal after *Suarez* because it was not subject to Florida Arbitration Act; but order could be reviewed on plenary appeal to determine if insurer waived right to proceed to appraisal); *compare Gonzalez v. State Farm Fire & Cas. Co.,* 805 So. 2d 814, 817-18 (Fla. 3d DCA 2000) (insurer did not waive right to compel appraisal by immediately demanding appraisal after insured's lawsuit filed), *with Gary Mart, Inc. v. Fireman's Fund Ins. Co.,* 703 So. 2d 1170, 1173 (Fla. 3d DCA 1997) (insurer waived right to appraisal by not demanding appraisal until fourteen months after litigation filed).

Hence, it is possible that the filing of this declaratory judgment action, and initiating litigation against the insured well before the insured has sought such relief and even before a claim decision has been made, could be deemed a waiver of the appraisal process altogether. Clearly, the Complaint suggests that Plaintiff had no such intention, because the relief sought in this action was a judgment interpreting the applicable policy in order to guide the

appraisers in conducting their assessment. And, where no one at this point has raised this issue, it cannot be held on this record that Plaintiff's mere filing of this lawsuit constitutes a waiver of the appraisal provision.

It is also certainly possible that Plaintiff can now decide to opt out and waive the appraisal provisions. This case does not involve an enforceable arbitration agreement, as per *Suarez,* that is governed by either the Federal or Florida Arbitration Act that would allow either party to seek to compel arbitration. Here, there is nothing in the language of the policy that grants either side the right to seek judicial relief to compel an appraisal. The appraisal process may be invoked, but can be waived by Plaintiff, the insurer. The remedy applicable to the insured under the policy, however, is clearly set forth in *Licea* – if the insurer elects to proceed with the appraisal mechanism, the insurer will be bound by the loss valuation that results from it.

It is premature to evaluate the significance of such an opt-out decision in this case. It is certainly possible that Plaintiff's election to abandon the appraisal process could yield it the right to argue that the policy valuation dispute should now be adjudicated in a declaratory action. Clearly, such an argument would respond to the pending motion, which is based upon the presumption that the appraisal process has been invoked by both parties and is ongoing. The Court should not prejudge the matter, especially where neither party appears to have considered this question. Suffice it to say, however, that if the record shows that Plaintiff has waived its right to proceed to an appraisal the Court would have to reassess whether or not there is now subject matter jurisdiction over this dispute.

But because the Court must focus on what has been alleged in this Complaint in response to the motion to dismiss, the holding here can be more plainly stated. As the Complaint alleges that an appraisal has been invoked and is ongoing, and because it is not

possible to conclude from the allegations in the Complaint that the appraisal result will definitively yield a result contrary to Plaintiff's interpretation of the policy, there is at this point no justiciable case or controversy. Based on what has been alleged here the Court cannot find that there is a "substantial likelihood" that Plaintiff has or will suffer an actual or imminent injury. To the contrary, the injury alleged in this Complaint is purely conjectural, hypothetical, and contingent. *See also Bowen v. First Family Fin. Svs., Inc.* 233 F.3d 1331, 1339 (11th Cir. 2000) (holding that no case or controversy existed over enforceability of arbitration agreement because it was uncertain whether anyone would seek to enforce that agreement in the future). There is, at most, a "perhaps" or "maybe" chance that the results of the appraisal, if undertaken to conclusion, will result in an injury to Plaintiff, which is not enough to confer subject matter jurisdiction over this dispute. *See id.* at 1340.

The Court will, therefore, grant the motion to dismiss, but with leave to amend in the event that Plaintiff can restate a claim under the Declaratory Judgment Act that arises from an actual, not hypothetical, injury. To cut to the chase, if Plaintiff wishes to opt out of an appraisal process in order to seek immediate judicial intervention, the Court will grant Plaintiff the right to try and do so through an amended complaint that alleges that such a waiver has taken place.

Without such an amended complaint, however, the allegations in the pending complaint do not suffice to confer subject matter jurisdiction over this action. If no amended complaint is filed, the Court will then dismiss this action for lack of subject matter jurisdiction, and without prejudice to the rights of either party to seek future judicial relief if necessary.

### *III.   CONCLUSION*

For the foregoing reasons, it is hereby **ORDERED AND ADJUDGED** as follows:

1.  Defendant's Motion to Dismiss [D.E. 3] is **GRANTED**.  The pending Complaint is Dismissed without prejudice and with leave to amend.

2.  An amended complaint may be filed no later than ten days from the date of this Order, as that time is calculated under S.D. Fla. Local R. 7.1.C.

3.  If no amended complaint is timely filed, the Court will close the case.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 18th day of January, 2008.

EDWIN G. TORRES
United States Magistrate Judge

Copies provided to:
Honorable Joan A. Lenard
All counsel of record